[Civil No. 679.   Filed March 28, 1900.]

[60 Pac. 874.]

## THE PROVIDENCE GOLD MINING COMPANY, Defendant and Appellant, v. ALEXANDER THOMPSON et al., Plaintiffs and Appellees.

1. CONTRACT—EXECUTION—EVIDENCE—FAILURE OF PROOF.—The plaintiffs, husband and wife, owners of a sawmill, sued upon a contract, alleged to have been entered into with defendant corporation, for moving their mill and sawing lumber for defendant. The husband had a conversation with F., and a contract drawn up was signed by him, but never by his wife. There was no evidence that F., who was organizing defendant company, ever signed the contract, nor did the evidence show that defendant corporation was in existence at the time the alleged contract was entered into. *Held*, there was no substantial proof of a contract between plaintiffs or either of them and the Providence Gold Mining Company to sustain a verdict for damages for its breach.

2. SAME—INSTRUCTIONS TO JURY—DAMAGES—FUTURE PROFITS.—It is not error for the court to refuse to instruct the jury that the plaintiffs had failed to show any actual damage, and the evidence as to damages resulting from loss of profits was so vague and uncertain, and dependent upon so many conditions and contingencies, that plaintiffs were not entitled to recover, where the plaintiffs had introduced some evidence of probable or future profits.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

Andrews & Ling, H. D. Stocker, and Herndon & Norris, for Appellant.

That prospective profits on a contract for sawing lumber are not sufficiently definite and certain to constitute an element of damages, see *Howard* v. *Stilwell & Bierce Mfg. Co.*, 139 U. S. 205, 11 Sup. Ct. 500; *Allis* v. *McLean*, 48 Mich. 428, 12 N. W. 640; *Griffin* v. *Colver*, 16 N. Y. 489; *Cassidy* v. *Le Fevre*, 45 N. Y. 567; *Talcott* v. *Crippen*, 52 Mich. 633, 18 N. W. 392; *Jones* v. *Nathrop*, 7 Colo. 1, 1 Pac. 435; *Moulthrop* v. *Hyett*, 105 Ala. 493, 53 Am. St. Rep. 131, 17 South. 32; *Howe Machine Co.* v. *Bryson*, 44 Iowa, 159, 24 Am. Rep. 735.

Morrison & Morrison, for Appellees.

Where the amount of work, the purchase price, and the market are all fixed by the terms of the contract, the damages are the profits which would have accrued under the terms of the contract. *Hinckley* v. *Pittsburg Steel Co.*, 121 U. S. 264, 7 Sup. Ct. 875; *Anvil M. Co.* v. *Humble*, 153 U. S. 540, 14 Sup. Ct. 876; *United States* v. *Behan*, 110 U. S. 338, 4 Sup. Ct. 81; *Carroll-Porter & Co.* v. *Columbus M. Co.*, 55 Fed. 451; *Skagit R. and L. Co.* v. *Cole*, 2 Wash. 57, 25 Pac. 1077.

STREET, C. J.—The appellees, Alexander Thompson and Elizabeth Thompson, brought an action in the district court of Yavapai County against the Providence Gold Mining Company, a corporation, for damages for the breach of a contract. They alleged in their complaint that on or about the 1st of August, 1896, they entered into a contract with the Providence Gold Mining Company, a corporation, through S. J. Fleming, its president, to cut and saw for the company three hundred thousand feet of lumber, at the rate of eleven dollars per one thousand feet; that defendant corporation made a breach of said contract, and prevented the plaintiffs from performing their part of the same, and that by reason of said breach plaintiffs suffered a loss of profits in the sum of twelve

hundred dollars, and the further loss of five hundred and fifty dollars, special damages. The question of special damages was eliminated by the court on the trial. The answer of defendant raised a general issue. The cause was tried before the court and a jury. Plaintiffs obtained a verdict against the defendant for the sum of five hundred dollars damages, and judgment was rendered accordingly. A motion on the part of the defendant for a new trial was overruled, whereupon the defendant appealed from said judgment and from the order overruling the motion for a new trial to this court.

Of the assignments of error made by the appellant, we think it sufficient to consider only the one in relation to the order of the court overruling the motion for a new trial on the ground that the verdict of the jury is not supported by the evidence, and is contrary to the instructions of the court. A review of the evidence shows about this state of facts: That the appellees were the owners of a sawmill, and were running the same, on Groom Creek, in Yavapai County; that appellee Alexander Thompson and one S. J. Fleming, in the city of Prescott, in the office of Attorney Ling, had some talk about appellees moving their sawmill over to the Annie Mine, and making the necessary roads to the mill, and sawing for the Providence Gold Mining Company (a corporation) three hundred thousand feet of lumber, at the price of eleven dollars per one thousand feet; that a contract was drawn up in Ling's office, and read over to appellee Alexander Thompson, and that he signed the paper; that Ling then said to him, "You had better have your wife sign this," and further said that there had been some trouble before in regard to the mill, from her not having signed contracts in relation to it, to which appellee Alexander Thompson replied, "When the mill is moved, my wife will be in here, and she can sign it." The contract was left in Ling's hands, and it is quite uncertain from the evidence whether Fleming ever signed it. Appellee Elizabeth Thompson never did sign it. After that transaction in Ling's office, appellee Alexander Thompson went over to the Annie Mine, and looked at the timber and counted the trees, to see how much lumber could be obtained from the trees growing in that vicinity, and also bought a team of horses and engaged men to help move the mill, and to work with him at the Annie Mine, as he says, upon the strength of

the contract which he had with Fleming, for the Providence Gold Mining Company, to move the mill and enter upon the performance of the contract. That there was such a corporation in existence as the Providence Gold Mining Company at that time is not established by the evidence. Ling and Fleming say that the present Providence Gold Mining Company was not in existence then; that Fleming, as a promoter of the mining scheme, was organizing a corporation for the purpose of working the Annie Mine and some other mines adjacent, and had drawn up papers for the purpose of organizing such a corporation, but that the papers at the time that Fleming and Ling and Alexander Thompson had the conversation about the contract in Ling's office were never completed, and the organization was never perfected. Before Thompson moved his mill, or did anything at all towards carrying out his part of the contract, he learned through some source that Fleming repudiated the idea that he had entered into a contract with him, and went to Prescott to see Fleming about it. He met Fleming on the street, and asked him if he (Fleming) had broken the contract. Fleming answered that he had; that he had got another man to do it for fourteen dollars per one thousand feet, and build his own road and do everything else, and that he was not going to pay him (Thompson) any such price as he asked. Thompson told him that he had bought a team that he would have no use for if he did not have the contract, and Fleming offered to buy the horses from him for the price that Thompson had paid. That is about all the talk that took place between the appellees, or either of them, and any officer of the Providence Gold Mining Company.

The question as to whether there was a contract between the Thompsons and the Providence Gold Mining Company was left to the jury, under proper instructions, as was also the question of future profits. This court, in reviewing those instructions, sees nothing to criticise. The court below was not asked by the defendant, at the conclusion of the plaintiff's evidence, to peremptorily instruct the jury for a verdict, but proceeded with evidence for the defendant. Defendant voluntarily submitted the whole matter to the jury; asking, however, for the following instruction, to wit: "You are further instructed that plaintiffs have failed to prove any actual dam-

age resulting from the alleged breach of the alleged contract, but they rely solely upon the loss of profits. The evidence as to damages resulting from loss of profits is so vague and uncertain, and dependent upon so many conditions and contingencies, that I instruct you plaintiffs are not entitled to recover, and you will therefore find your verdict for the defendant," which instruction was refused by the court, and we think very properly, at that stage of the case. Some evidence was given by the plaintiffs as to their probable or future profits which they might have made had the contract been carried out; and it is quite possible that, had a proper instruction been asked at the proper time, the court would have been justified in taking the case from the consideration of the jury, but that is not before this court for consideration. We hold, from a review of the evidence, that, when the motion for a new trial was heard, the court then would have been justified in granting a new trial because of the insufficiency of the evidence to support the verdict; and we now hold, from an examination of the evidence, that there was no substantial proof of a contract between Alexander Thompson and Elizabeth Thompson, or either of them, and the Providence Gold Mining Company, to sustain a verdict, and the court below should have granted the motion for a new trial. The judgment of the district court is reversed, and a new trial granted.

Davis, J., and Doan, J., concur.